IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINCENT E. ZIRKER ) | |
| ) | |
| ) | |
| v. ) | NO. 3:07-0378 |
| ) | |
| METRO NASHVILLE POLICE ) | |
| DEPARTMENT, et al. ) | |

TO: Honorable Todd J. Campbell, Chief District Judge

# **R E P O R T   A N D   R E C O M E N D A T I O N**

By order entered February 4, 2008 (Docket Entry No. 13), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. By Order entered February 25, 2008 (Docket Entry No. 23), this action was reassigned to the undersigned Magistrate Judge.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 27) filed by defendant Metropolitan Nashville Police Department. The plaintiff has filed a response (Docket Entry No. 34) in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted.

Also pending is the plaintiff's motion for summary judgment (Docket Entry No. 35), to which the defendant has responded in opposition. For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

The plaintiff is currently an inmate in the Federal Correctional Institution in Memphis, Tennessee. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 alleging that two police officers with the Metropolitan Davidson County Police Department, Lopoldo Lopez and Wayne Fisher, had deprived him of his constitutional rights. Specifically, he alleges that the defendants conspired to maliciously prosecute him based on false facts and offered false testimony against him. Each of the individual defendants are named in their individual and official capacities.

The action was initially dismissed as frivolous under 28 U.S.C. § 1915 for lack of an arguable basis by Order entered April 10, 2007. See Docket Entry No. 2. On January 30, 2008, the Sixth Circuit Court of Appeals found that it was not clear that the plaintiff's claims would necessarily implicate the fact or duration of his confinement and vacated the order dismissing the action, remanding the action back to the District Court. See Docket Entry No. 11. Process was then issued to the three defendants named in the complaint, Lopoldo Lopez, Wayne Fisher, and the Metro Nashville Police Department ("MNPD"). Defendant Fisher has filed an answer (Docket Entry No. 26). By contemporaneously entered order, defendant Lopez has been granted an extension of time to respond to the complaint.

In lieu of an answer, the MNPD has filed the pending motion to dismiss. The MNPD asserts that it is not an entity capable of being sued as it is merely a part of the Metropolitan Government of Nashville and Davidson County.

## II. MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the plaintiff's allegations and resolve all doubts in the plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. _, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

The defendant's motion to dismiss should be granted. The plaintiff names the Metro Nashville Police Department but it is not a legal entity that can be sued. The plaintiff has offered no response to the specific arguments made by the defendant as to its legal capacity and why it cannot be sued.

To the extent that the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") is the correct governmental entity subject to suit which could be substituted for the MNPD, the plaintiff's complaint contains no allegations which would support a claim against a municipal entity such as the Metropolitan Government.

In order for the Metropolitan Government to be held liable under Section 1983, the constitutional violations at issue must have been caused by a policy of the Metropolitan Government.

Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691-94 (1978). The underlying constitutional violation must have resulted from a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. Liability may also attach if the constitutional tort occurs because of a governmental custom which, though not formally approved as policy, is nonetheless an established usage or course of conduct and thus amounts to a de facto policy. Id. at 690-91. Regardless of how the policy arises, the plaintiff must allege and show that a municipal policy was the moving force behind the alleged use of excessive force against him. City of Canton v. Harris, 489 U.S. 378, 389 (1989). Evidence that an individual defendant violated the plaintiff's constitutional rights on a single occasion is not enough, by itself, to support an official capacity/municipal liability action. See Brown v. Shaner, 172 F.3d 927, 930-31 (6th Cir. 1999); Meyers v. City of Cincinnati, 14 F.3d 1115, 1117 (6th Cir. 1994). The plaintiff's complaint fails to contain any allegations whatsoever which support a claim of municipal liability against the Metropolitan Government.

The plaintiff's official capacity claims against the two individual defendants warrant dismissal for the same reason. The individual defendants are named in both their individual and official capacities. To the extent that they are named in their official capacity, such a claim is actually a claim against their employer, the Metropolitan Government. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir. 1988). Accordingly, this claim requires the same type of showing required for a municipal liability claim brought directly against the Metropolitan Government. The plaintiff's complaint fails to satisfy this requirement.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff filed a one-page motion for summary judgment, attaching various exhibits. The motion suffers from a variety of deficiencies. First, the plaintiff did not sign the motion in compliance with Rule 11(a) of the Federal Rules of Civil Procedure. Second, the plaintiff did not include a certificate of service showing that he mailed a copy of the motion to defendants' counsel as required by Rule 5(d) of the Federal Rules of Civil Procedure. Third, the plaintiff failed to file a memorandum in support of the motion as required by Local Rule 7.01(a). Fourth, the plaintiff failed to file a statement of undisputed material facts as required by Local Rule 56.01(b).

The plaintiff appears to assert that he should be granted summary judgment because the defendants did not respond to the complaint within 20 days after they were served on February 25, 2008. Defendants Fisher and MNPD filed their answers one day late on March 7, 2008. Defendant Lopez file a motion for an extension of time on March 18, 2008. That motion has been granted by separately entered Order. The plaintiff also seeks summary judgment based on the exhibits attached to his motion. It is, however, impossible for the Court to determine the grounds upon which the plaintiff relies to support his motion.

Defendants MNPD and Fisher oppose the motion as premature. Although their opposition makes practical sense, it is not grounds, in and of itself, to deny a properly filed and supported motion for summary judgment. However, the motion was not properly filed in compliance with the Federal Rules of Civil Procedure and the Local Rules and therefore should be denied without prejudice.

# RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 27) filed by the Metro Nashville Police Department be GRANTED and the Metro Nashville Police Department be DISMISSED from the action;

2) the official capacity claims asserted against defendants Lopoldo Lopez and Wayne Fisher be DISMISSED; and

3) the motion for summary judgment (Docket Entry No. 35) filed by the plaintiff be DENIED without prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge