IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VINCENT E. ZIRKER              )
                               )
                               )
        v.                     )    NO. 3:07-0378
                               )
METRO NASHVILLE POLICE         )
DEPARTMENT, et al.             )


TO: Honorable Todd J. Campbell, Chief District Judge


## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 4, 2008 (Docket Entry No. 13), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. By Order entered February 25, 2008 (Docket Entry No. 23), this action was reassigned to the undersigned Magistrate Judge.

The plaintiff is currently an inmate in the Federal Correctional Institution in Memphis, Tennessee. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 alleging that two police officers with the Metropolitan Davidson County Police Department, Lopoldo Lopez and Wayne Fisher, had deprived him of his constitutional rights. Specifically, he alleges that the defendants conspired to maliciously prosecute him based on false facts and offered false testimony against him.

The action was initially dismissed as frivolous under 28 U.S.C. § 1915 for lack of an arguable basis by Order entered April 10, 2007. See Docket Entry No. 2. On January 30, 2008, the Sixth Circuit Court of Appeals found that it was not clear that the plaintiff's claims would necessarily implicate the

fact or duration of his confinement and vacated the order dismissing the action, remanding the action back to the District Court. See Docket Entry No. 11. Process was then issued to the three defendants named in the complaint, Lopoldo Lopez, Wayne Fisher, and the Metro Nashville Police Department ("MNPD").

By Order entered February 13, 2008 (Docket Entry No. 18), the Court denied the plaintiff's motion to add defendants (Docket Entry No. 16) as moot because no responsive pleading had been filed at that time. The Court instructed the plaintiff to file an amended complaint within fourteen (14) days, upon receipt of which the Court would review the amended complaint to determine whether process should issue to the new defendants.

The file in this action contains a handwritten, undated, and undocketed amended complaint from the plaintiff which adds Jeff Sanders, f/n/u Melozini, and Paul Smith as defendants but this amended complaint does not appear to have been previously reviewed by the Court and was not filed. By separately entered Order, the Court has directed the Clerk to file that amended complaint and to serve process upon Defendant Sanders.

After review of that amended complaint, the Court finds that the plaintiff fails to state arguable claims against Defendants Melozini and Smith in either their official or individual capacities. Even given a liberal reading as required for pro se filings, see Haines v. Kerner, 404 U.S. 509 (1972), the plaintiff fails to allege facts which would support arguable legal claims against these two defendants.

A claim against defendants Melozini and Smith in their official capacities is treated as a claim against the Metropolitan Government of Nasville and Davidson County ("Metropolitan Government"), the entity for which they are agents. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). For these claims, the plaintiff must set forth facts upon which municipal liability

2

can be found by showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the Metropolitan Government. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The Metropolitan Government cannot be held liable under a theory of respondeat superior merely because it is the defendants' employer. See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). The plaintiff fails to satisfy this standard.

The plaintiff has also failed to allege facts which, even if taken as true, support a claim against Defendants Melozoni and Smith in their individual capacities. The plaintiff must allege facts which show that the defendants were somehow personally involved in the unconstitutional activity alleged to have occurred. See Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir. 1982). Defendant Melozoni is not alleged to have taken any wrongful action against the plaintiff but appears to be named solely because his name is part of an investigative report. Defendant Smith is alleged to have been involved in the plaintiff's arrest on November 13, 2003, but is not alleged to have taken any wrongful action against the plaintiff. The mere fact that he was involved in the plaintiff's arrest does not render his actions unconstitutional.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that all claims against Detective f/n/u Melozoni and Officer Paul Smith be DISMISSED and that these defendants be DISMISSED from the action.

3

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge