IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| VINCENT E. ZIRKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 03:07-0378 |
| ) | Judge Campbell |
| METRO-NASHVILLE POLICE ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT LEOPOLDO LOPEZ'S RESPONSE
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In response to Plaintiff's First Set of Interrogatories, Defendant Lopez, in his individual capacity, responds as follows:

1. What is your full name, badge or identification number, height, weight, and date of birth?

ANSWER:

Leopoldo Polo Lopez. 5'8" 153 pounds. 4/13/70

2. With regards to your occupation or employment from the date you first began working at full time employment to the present state:

   a. the name and address of any and all employers;

   b. for each job, the nature of your work and duties;

   c. for each job, the date and reason you left the employment;

d.  if you were appointed to any position, the person and position of the person who appointed you, and the name and address of the person or body to whom you were responsible;

ANSWER:

To the best of my memory and recollection, the extent of my employment history is as follows (dates are approximate):

| | | |
|---|---|---|
| 1989-1990 | O'Charley's Restaurant at Vanderbilt. Left for better job; |
| 1990-1992 | Vanderbilt University (temp service). Left for better job; |
| 1992-1993 | U.S. Army. Discharged. |
| 1993-1995 | Local Plant Service (plant delivery). Left for better job; |
| 1997-1999 | Gary Musick Productions. Contractor. Left for better job; |
| 1999-2001 | Davidson County Sheriff's Office. Corrections. Left for better job; |
| 2001-2008 | Metro Nashville Police Department; Police Officer; Resigned to pursue self employment; |
| 2008-present | Self employed. Fitness trainer. |

3. What, if any, educational requirements are prerequisite to appointment as police officer of the Metro Nashville Police Department?

ANSWER:

This question is more properly posed to the Metropolitan Government as I have no knowledge of hiring requirements; however, based upon my information and belief, the requirements at the time of my hiring was a high school diploma and sixty (60) hours of college credit or experience.

4. For any high school or institution of higher learning you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

ANSWER:

Hillsboro High School. Diploma 1989

Nashville Tech Community College. 1997-1999.

5. State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the Metro Nashville Police Department.

ANSWER:

See # 4 above.

6. Were you ever a defendant in any lawsuit which charged you, individually or in your official capacity as a police officer in the Metro Nashville Police Department with abuse of your lawful authority? If yes, state for each suit:

    a. the name and address of each plaintiff;

    b. the name and address of each defendant;

    c. the nature of the cause of action;

    d. the date on which the suit was instituted;

    e. the court in which the suit was instituted;

    f. the result of each suit that has been concluded by judgment or settlement;

    g. the names and address of the attorney for each party.

ANSWER:

I am currently a defendant in a lawsuit brought by Mr. Antonio Bassham along with Defendant Wayne Fisher of the Metro Nashville Police Department. Mr. Bassham's address is unknown and he is represented by David Danner, Esq. whose address is P.O. Box 1307 Antioch, Tennessee 37013. Defendant Fisher is represented by John M.L. Brown, Esq. whose address is 222 Second Avenue North Suite 312 Nashville, Tennessee 37201.

The suit was instituted on or about April 7, 2005 in the Second Circuit Court for Davidson County, Tennessee. The initial cause of action alleged excessive force, false arrest, and malicious prosecution, all of which have been dismissed except for the malicious prosecution claim which is still pending.

7. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of each case, date of the decree, and nature of the conduct enjoined.

ANSWER:

I have never been enjoined by any court for any conduct.

8. Were there in existence at the time of these incidents, internal administrative procedure designed to prevent and correct instances of abuse of authority of the police officers of Metro Nashville Police Department? If yes, state:

   a. The nature of the procedure;
   b. The person who is responsible for implementing such procedure;

c. Any charges ever made against you in internal administrative procedures, including the names and address of all complainants, the nature of the charges, the identity(ies) of the person administering the disciplinary proceedings, and the outcome.

ANSWER:

Objection. The nature of this question asks for policies and/or orders in the possession of the Metropolitan Government of Nashville and Davidson County. Without limiting my object, I am generally aware of policies and procedures governing officer conduct but am no longer in possession of such policies and have no specific recollection of individual policies.

As it relates to subsection (c) of this interrogatory, complaints made against officers, the nature of the complaints, and the people investigating those complaints are maintained in the personnel records of the Metropolitan Government of Nashville and Davidson County.

9. Are you and your employer insured now? If yes, state:

  a. Give name and address of the insurer;
  b. The name and address of the person or persons who pays the premiums;
  c. The identification number of the policy;
  d. The effective dates of each policy;
  e. The policy limits, or amount of any bonds;
  f. The substance of the disclaimers of liability contained in the policy.

ANSWER:

No

10. What is your monthly net wage after deduction withholding made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

ANSWER:

Approximately $200.00 per month.

11. Describe any investments you presently have which yield income, including nature and amount of each investment.

ANSWER:

None.

12. Describe any property (real) or proprietary or possessory interest which you hold, including the identity, location and nature of each interest and the amount of income realized.

ANSWER:

None.

13. State specifically and in detail the date and exact sequence of events that took place during the interaction between you and the plaintiff.

ANSWER:

I was an officer on the scene of a traffic stop involving the plaintiff in which the passenger of the vehicle fled on foot. I pursued and assisted in the apprehension of the passenger of the vehicle. The driver of the vehicle, to the best of my recollection, was taken into custody by officer Wayne Fisher. The

driver of the vehicle was charged with unlawful possession of a weapon and possession of a controlled substance. The prosecution was taken over by the United States Attorneys Office and I testified in federal court concerning the incident.

14. Do you now or have you ever suffered from any mental disease, defect disorder? If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

ANSWER:

No

15. Have you ever been arrested or convicted of any crime whatsoever? If so, state the offense, date of occurrence, location and disposition of the case.

ANSWER:

No.

16. Have you ever received any discipline from the Metro Nashville Police Department or any other police department? If yes, state:

   a. the nature of the discipline;
   b. the facts on which such discipline was based;
   c. who ordered and who administered the disciplinary action;

ANSWER:

Suspension for altercation with female while off-duty;

Suspension for failing to follow orders from a supervisor;

Suspension for misplacing a back-up weapon.

All suspensions were administered by the Metro Police Department.

17. Prior to the time you filled out the state report, did you have any conversation with any third party concerning the matters set forth in the report?

ANSWER:

Not to my knowledge. Any conversations concerning the plaintiff would have been during the incident that gave rise to his arrest, would have only been with those officers identified as parties to this lawsuit, and would have been memorialized in the reports generated from plaintiff's arrest.

18. If so, for each conversation, state:

    a. the time and place;

    b. the name of the person with whom you talked in natural order;

    c. what was said between you and each individual you conversated with on 11-19-2003;

    d. was there any other conversations between you and any other individuals concerning plaintiff on any other date after 11-19-2003? If yes, state:

ANSWER FOR #18 (a)-(c):

See answer to #17 above.

ANSWER FOR #18 (d):

No.

    a. the date and time;

    b. what the discussion was all about;

    c. where did the discussion take place;

d.  who was the conversation with, be specific give name.

18(sic) Have you ever displayed any animosity toward plaintiff, either by words or conduct, at any time? If yes, state:

   a.  the time and date of each such act;

   b.  where each such act was performed or statement made;

   c.  what you did or said on each occasion;

   d.  the name and address of each person present.

ANSWER:

   No.

19. By denying all the material allegation in plaintiff's complaint, do you contend that the proceeding instituted against plaintiff were not terminated in plaintiff's favor; if so, state:

   a.  whether you contend that the proceeding have not been finally terminated;

   b.  all facts on which you base your contentions.

ANSWER:

   To the extent this question asks for my knowledge of the disposition of plaintiff's criminal case against him, I am unaware of the details of that disposition.

20. What is the total amount of all your assets?

ANSWER:

   $3,000.00

21. What are your total liabilities?

ANSWER:

$125,000.00 mortgage

$4,000.00 loan

$13,000.00 student loans

$600.00/mo child support

22. What was your total income for the year ending December 31, 2003?

ANSWER:

Approximately $45,000.00-$48,000.00

23. What was your total income from January 1, 2004 to the present?

ANSWER:

On average per year approximately $45,000.00-$48,000.00 until February 2008 when I resigned from the Metro Nashville Police Department.

# VERIFICATION

The undersigned hereby certifies, upon oath, that the foregoing Responses to Plaintiff's First Set of Interrogatories are true, correct and complete to the best of his knowledge.

_____
Leopoldo Lopez

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

Sworn to and subscribed before me this the 2nd day of September, 2008.

_____
NOTARY PUBLIC

My commission expires: July 5-2011

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon Filing Users via electronic filing and/or mailed, first-class, postage pre-paid, to:

Vincent Zirker
16663-075
Texarkana F.C.I.
4001 Leopard Drive
Texarkana, Texas 75501

Allison Bussell
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219

on this the 2nd day of August, 2008.

/s/ P. Brocklin Parks
P. Brocklin Parks